468 So.2d 903 (1985)
Harvey BROWN, et Ux., et al., Petitioners,
v.
CADILLAC MOTOR CAR DIVISION, et al., Respondents.
No. 63583.
Supreme Court of Florida.
March 7, 1985.
Gary E. Garbis, North Miami, for petitioners.
Dennis J. Wall and James A. Edwards of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, Richard A. Sherman, Fort Lauderdale, and Nicholas J. Wittner, General Motors Corp., Detroit, Mich., for respondents.
Edward T. O'Donnell of Mershon, Sawyer, Johston, Dunwody & Cole, Miami, amicus curiae, for Motor Vehicle Manufacturers Ass'n Of United States, Inc.
Larry Klein, West Palm Beach, amicus curiae, for The Academy Of Florida Trial Lawyers.
Joseph S. Kashi of Conrad, Scherer & James, Fort Lauderdale, amicus curiae, for The Florida Defense Lawyers Assn.
McDONALD, Justice.
The Third District Court of Appeal has certified this cause as a case of great public importance. Cadillac Motor Car Division, General Motors Corp. v. Brown, 428 So.2d 301, 302 (Fla. 3d DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Brown was the successful plaintiff in an action against General Motors. While driving a Cadillac automobile he struck and killed his mother who had just alighted from the car. The evidence failed to show that Brown, himself, suffered any physical trauma. Brown's judgment, and the derivative claim of his wife, was predicated upon his psychological trauma which resulted from his striking and killing his mother. General Motors was found to be at fault because of a defectively designed accelerator pedal. The district court of appeal, noting that Florida retains the impact rule, vacated the Browns' judgment. The *904 wrongful death judgment for the mother was undisturbed.
We are thus presented the question of whether a person who suffers no physical injuries in an accident has a cause of action for mental distress or psychic injury caused by the tortious event. We hold that such psychological trauma must cause a demonstrable physical injury such as death, paralysis, muscular impairment, or similar objectively discernible physical impairment before a cause of action may exist. We hold that there is no cause of action for psychological trauma alone when resulting from simple negligence.[*]
In a parallel case, Champion v. Gray, No. 62,830 (Fla. Mar. 7, 1985), we modified, in some limited situations, the requirement of an impact as a basis for a cause of action in negligence. We did not and do not, however, abolish the requirment that a discernible and demonstrable physical injury must flow from the accident before a cause of action exists.
Mr. Brown presented expert testimony at trial on the issue of a psychiatric disability, but failed to show a direct physical injury or any physical injury resulting from his mental distress. Mr. Brown cannot meet the requirements of Champion and has no recognizable cause of action. The decision of the district court vacating the Browns' judgments is approved.
It is so ordered.
BOYD, C.J., OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs specially with an opinion.
ADKINS, Justice, specially concurring.
I concur for the reasons which I expressed in my special concurrence in Champion v. Gray, No. 62,830 (Fla. Mar. 7, 1985).
NOTES
[*] This ruling does not disturb any prior decisions allowing such damages in intentional tort cases. Some district courts recognize such damages in outrageous conduct cases. This Court, however, has not ruled on that issue.