478 So.2d 17 (1985)
Walton D. CHAMPION, Petitioner,
v.
Roy Lee GRAY, Jr., et al., Respondents.
No. 62830.
Supreme Court of Florida.
March 7, 1985.
On Rehearing October 31, 1985.
*18 Frank McClung, Brooksville, for petitioner.
Gary M. Witters and Joseph A. O'Friel of Allen, Dell, Frank & Trinkle, Tampa, for Roy Lee Gray, Jr., Roy L. Gray, Gladys Gray and Dixie Ins. Co.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for Florida Farm Bureau Cas. Ins. Co.
Larry Klein, West Palm Beach, amicus curiae for The Academy Of Florida Trial Lawyers, and Joseph W. Little, Gainesville, amicus curiae.
McDONALD, Justice.
This is a petition to review Champion v. Gray, 420 So.2d 348 (Fla. 5th DCA 1982), which certified the following question to this Court as a matter of great public importance:
I. SHOULD FLORIDA ABROGATE THE "IMPACT RULE" AND ALLOW RECOVERY FOR THE PHYSICAL CONSEQUENCES RESULTING FROM MENTAL OR EMOTIONAL STRESS CAUSED BY THE DEFENDANT'S NEGLIGENCE IN THE ABSENCE OF PHYSICAL IMPACT UPON THE PLAINTIFF?
Id. at 354. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution. To a limited extent we modify our previous holdings on the impact doctrine and recognize a cause of action within the factual context of this claim.
The complaint in this case alleged that a drunken driver ran his car off the road, striking and killing Karen Champion. Karen's mother, Joyce Champion, heard the impact, came immediately to the accident scene, saw her daughter's body, and was so overcome with shock and grief that she collapsed and died on the spot. Walton Champion, as personal representative of his wife's estate, then brought this action for damages caused by the driver's negligence which led to Mrs. Champion's death. Relying on Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974), and Claycomb v. Eichles, 399 So.2d 1050 (Fla. 2d DCA 1981), the trial court dismissed the complaint. The district court affirmed the dismissal, following the longstanding Florida rule that a plaintiff must suffer a physical impact before recovering for emotional distress caused by the negligence of another. The district court questioned the continued validity of the impact rule and certified its question as one of great public importance.
In Gilliam v. Stewart we quashed an opinion of the Fourth District Court of Appeal, Stewart v. Gilliam, 271 So.2d 466 (Fla. 4th DCA 1972), which recognized a cause of action for a woman who suffered a heart attack when a vehicle struck her home. In doing so we implicitly approved that part of Judge Reed's dissent which stated:
I take it that there is more underlying the impact doctrine than simply problems of proof, fraudulent claims, and excessive litigation. The impact doctrine gives practical recognition to the thought that not every injury which one person may by his negligence inflict upon another should be compensated in money damages. There must be some level of harm which one should absorb without recompense as the price he pays for living in an organized society.
Id. at 477. We now conclude, however, that the price of death or significant discernible physical injury, when caused by psychological trauma resulting from a negligent injury imposed upon a close family member within the sensory perception of the physically injured person, is too great a harm to require direct physical contact before *19 a cause of action exists.[1] We emphasize the requirement that a causally connected clearly discernible physical impairment must accompany or occur within a short time of the psychic injury.[2]
We reach this conclusion after careful evaluation of Gilliam v. Stewart, cases from other jurisdictions,[3] and public policy arguments presented to us here. In doing so we have considered the traditional rules of duty and forseeability in these situations and have been mindful of the possibility of fraudulent and undefinable claims where psychic trauma is claimed.
There are at least two distinct emotional circumstances: one caused by fear for one's own safety and one caused by anxiety or stress for the injury or death of another. The former is basically that which existed in Gilliam v. Stewart and is more readily recognized as a basis for a cause of action in other jurisdictions. The second is what exists here and is akin to the facts in Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912, 69 Cal. Rptr. 72, (1968). The "zone of danger" test utilized by many jurisdictions works well for "fright" cases but not so well for emotional distress claims. In Dillon a mother admittedly outside the "zone of danger" sought to recover for physical injuries resulting from the fright and shock of seeing her daughter killed by a negligent driver. The California Supreme Court rejected arguments that the fear of fraud by plaintiffs and unlimited liability for negligent defendants justified the "zone of danger" rule. The Dillon court reasoned that the fear of fraud should not bar meritorious claims. To limit the potential for unlimited liability, the court adopted a reasonable foreseeability test.
We note, first, that we deal here with a case in which plaintiff suffered a shock which resulted in physical injury and we confine our ruling to that case. In determining, in such a case, whether defendant should reasonably foresee the injury to plaintiff, or, in other terminology, whether defendant owes plaintiff a duty of due care, the courts will take into account such factors as the following: (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
The evaluation of these factors will indicate the degree of the defendant's foreseeability: obviously defendant is more likely to foresee that a mother who observes an accident affecting her child will suffer harm than to foretell that a stranger witness will do so. Similarly, the degree of foreseeability of the third person's injury is far greater in the case of his contemporaneous observance of the accident than that in which he subsequently learns of it. The defendant is more likely to foresee that shock to the *20 nearby, witnessing mother will cause physical harm than to anticipate that someone distant from the accident will suffer more than a temporary emotional reaction. All these elements, of course, shade into each other; the fixing of obligation, intimately tied into the facts, depends upon each case.
Id. 68 Cal.2d at 740-41, 441 P.2d at 920-21, 69 Cal. Rptr. at 80-81 (emphasis in original). Several jurisdictions have adopted the Dillon foreseeability test. Barnhill v. Davis, 300 N.W.2d 104, (Iowa 1981); Culbert v. Sampson's Supermarkets, Inc., 444 A.2d 433 (Me. 1982); Corso v. Merrill, 119 N.H. 647, 406 A.2d 300 (1979); Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980); Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979).
The pure foreseeability test, espoused by some, might lead to claims that we are unwilling to embrace in emotional trauma cases. We perceive that the public policy of this state is to compensate for physical injuries, with attendant lost wages, and physical and mental suffering which flow from the consequences of the physical injuries. For this purpose we are willing to modify the impact rule, but are unwilling to expand it to purely subjective and speculative damages for psychic trauma alone. We recognize that any limitation is somewhat arbitrary, but in our view is necessary to curb the potential of fraudulent claims, and to place some boundaries on the indefinable and unmeasurable psychic claims.
Foreseeability is the guidepost of any tort claim. Because we are dealing with an unusual and nontraditional cause of action in allowing damages caused by psychic injury following an injury to another, however, public policy comes into play and some outward limitations need to be placed on the pure foreseeability rule. We have already referred to the requirement of a significant discernible physical injury. In addition the psychically injured party should be directly involved in the event causing the original injury. If such a person sees it, hears it, or arrives upon the scene while the injured party is still there, that person is likely involved. The English case of McLoughlin v. O'Brian, 2 All E.R. 298 (1982), adopting a pure foreseeability rule, allowed recovery when a parent suffered psychic injury upon seeing her child in the hospital shortly following an accident. We do not say whether or not we would or would not recognize a claim under such circumstances, but, if so, we would think that this scenario reaches the outer limits of the required involvement in the event. Another factor in the foreseeability requirement is that the secondarily injured party must have an especially close emotional attachment to the directly injured person. A child, a parent, or a spouse would qualify; others may or may not, depending upon their relationship and the circumstances thereof.
The complaint in the case sub judice alleges that Mrs. Champion heard the accident, came immediately to the accident scene, and suffered severe emotional distress and shock which led to her death shortly after seeing her injured child. The requirements set out in this opinion have been met. No physical impact to her need be alleged because she suffered discernable physical injuries (death).
Accordingly, we answer the certified question, as limited, in the affirmative. We hold that a claim exists for damages flowing from a significant discernible physical injury when such injury is caused by psychic trauma resulting from negligent injury imposed on another who, because of his relationship to the injured party and his involvement in the event causing that injury, is foreseeably injured.[4]
The district court's decision is quashed, and the district court is directed to remand the case for proceedings consistent with this opinion.
It is so ordered.
*21 BOYD, C.J., OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs specially with an opinion.
ALDERMAN, J., concurs specially with an opinion in which SHAW, J., concurs.
ADKINS, Justice, specially concurring.
I concur in the result. I also would allow recovery where the plaintiff first sees the victim in the hospital and to the plaintiff who has a close personal relationship with the victim, regardless of any ties of blood or marriage. Under both of these circumstances, it is foreseeable that the plaintiff would suffer some physical injury from his or her mental distress.
ALDERMAN, Justice, concurring specially.
I agree that a person who suffers significant discernible physical injury as a direct result of psychic trauma caused by a tortfeasor's negligent infliction of injuries upon another has a cause of action for damages if the psychic trauma was a reasonably foreseeable consequence of the defendant's negligence. This foreseeability is circumscribed by the relationship between the plaintiff and the other injured person and the proximity of the plaintiff both in time and space to the scene of the accident or to the other injured person.
The English case of McLoughlin v. O'Brian, 2 All E.R. 298 (1982), cited by the majority, applied reasonable foreseeability as the test of liability for damages for nervous shock and held that the plaintiff's suffering of nervous shock was a reasonably foreseeable consequence of defendant's negligence even though she was not at or near the scene of the accident nor did she come onto the scene shortly afterwards. Plaintiff's husband and three children were involved in a serious automobile accident caused by defendant's negligence. At the time of the accident, plaintiff was at her home located two miles from the accident scene. An hour after the accident, a person who had been at the scene told plaintiff of the accident and drove her to the hospital. At the hospital, she was told that her daughter was dead. She was then led down a corridor where she saw her other daughter crying with her face cut and begrimed with dirt and oil. She heard her son who had been in the accident shouting and crying. She was taken to her husband who was covered with mud and oil and was sitting with his head in his hands with his shirt hanging off him. She was then taken to see her son. After appearing to recognize his mother, the child lapsed into unconsciousness. Lord Wilberforce, the House of Lords, wrote that there can be no doubt that these circumstances, witnessed by the plaintiff, were distressing in the extreme and were capable of producing an effect going well beyond that of grief and sorrow.
The critical question to be decided in McLoughlin was whether a person in plaintiff's position, i.e., one who was not present at the scene of the serious injuries to her family but who comes upon those injuries within a brief time thereafter can recover damages for "nervous shock." This decision emphasizes that the developments in the area of psychic trauma have proceeded in the traditional manner of the common law on a case-by-case basis. Developing previous cases through the process of logical progression, members of the House of Lords determined that plaintiff should succeed on her claim. Lord Wilberforce reasoned that plaintiff, although not present at the accident, came very soon after on its immediate aftermath. If she had found her family by the roadside from a distance of 100 feet, there would have been no question as to her entitlement. He concluded that she should likewise be able to recover when, acting in accordance with normal and irresistible human instinct, she goes to where her family can be found.
We today modify to a limited extent our previous holdings on the impact doctrine. In doing so, however, we are unable to establish a rigid hard and fast rule that would set the parameters for recovery for psychic trauma in every case that may arise. The outer limits of this cause of *22 action will be established by the courts of this state in the traditional manner of the common law on a case-by-case basis. Space, time, distance, the nature of the injuries sustained, and the relationship of the plaintiff to the victim of the accident must all be considered. We have listed several relationships which may qualify. These, however, are not exclusive; other relationships may qualify. Each one will be closely scrutinized on a case-by-case basis. The closer the tie in relationship or emotional attachment, the greater the claim for consideration will be. The requirement that the physically injured person be directly involved in the event causing the original injury must also be scrutinized on a case-by-case basis. Proximity to the accident in time and space does not necessarily mean only direct and immediate sight or hearing at the scene of the accident. Rather, there may be recovery in instances where there is a direct perception of some of the events making up the entire accident, including the immediate aftermath of the accident. This would include but not be limited to the factual situation found in McLoughlin.
In the present case, plaintiff has stated a cause of action for recovery.

ON REHEARING GRANTED
McDONALD, Justice.
We have granted the respondents' motion for rehearing on the limited issue of whether the cause of action recognized in our opinion is a derivative claim flowing from the injuries and death of the minor or is a separate, direct, and independent claim. We hold that it is a direct and distinct claim.
In this case we have emphasized that a psychically traumatized person must manifest a discernible physical injury before that person has a claim resulting from injuries inflicted on another. A separate and distinct physical injury is required. We have specifically rejected purely emotional distress claims. Brown v. Cadillac Motor Car Division, 468 So.2d 903 (Fla. 1985).
A duty lies to exercise reasonable care. The consequence of failing to do so is to subject oneself to liability to persons who may reasonably be foreseen to suffer damages for the failure to exercise that duty. By our opinion we have held that the duty extends to persons in situations like Mrs. Champion's because it is reasonably foreseeable that such a person may suffer injury. A separate and distinct duty lies; a separate and distinct cause of action lies.
We do not discuss the possible effects of the minor's comparative negligence or of contribution because there is no issue of those factors in this case.
It is so ordered.
BOYD, C.J., and ADKINS, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs with an opinion.
OVERTON, Justice concurring.
I concur that this is a separate and distinct claim, but I would go further and expressly state that the comparative negligence of the close family member who suffers the physical injury that causes the emotional distress to the claimant must be allowed to be taken into account as a setoff.
NOTES
[1] Mental distress unaccompanied by such physical consequences, on the other hand, should still be inadequate to support a claim; nonphysical injuries must accompany and flow from direct trauma before recovery can be claimed for them in a negligence action.
[2] In a collateral case issued this day, Brown v. Cadillac Motor Car Div., General Motors Corp., 468 So.2d 903, we held that Brown's judgment must be vacated because his psychic trauma was not manifested by physical injury and no cause of action lies for psychic trauma alone.
[3] Those jurisdictions that do not have the impact rule differ in the damages recoverable by a plaintiff. Some jurisdictions allow recovery for psychic trauma alone without either physical injury or a "zone of danger" fright, see, e.g., Molien v. Kaiser Foundation Hospitals, 27 Cal.3d 916, 616 P.2d 813, 167 Cal. Rptr. 831 (1980), and Versland v. Caron Transport, Mont., 671 P.2d 583 (1983); some limit that recovery to physical consequences of emotional trauma, see, e.g., Keck v. Jackson, 122 Ariz. 114, 593 P.2d 668 (1979), and Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295 (1978); while others allow no emotional distress damage when caused by an injury to another, see, e.g., Tobin v. Grossman, 24 N.Y.2d 609, 249 N.E.2d 419, 301 N.Y.S.2d 554 (1969).
[4] We reiterate that a claim for psychic trauma unaccompanied by discernible bodily injury, when caused by injuries to another and not otherwise specifically provided for by statute, remains nonexistent.