Esther LEDFORD and Roger Ledford, her husband, Plaintiffs,

v.

DELTA AIRLINES, INC., Defendant.

No. 85–6601–CIV.

United States District Court, S.D. Florida, N.D.

March 31, 1987.

Paul Siegel, Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A., Miami, Fla., for plaintiffs.

Howard Barwick, Barwick & Dillian, Miami Shores, Fla., for defendant.

## OPINION AND ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion for partial summary judgment as to count five of the plaintiffs' complaint, filed by the defendant, Delta Airlines, Incorporated. In count five of the complaint, the plaintiff, Roger Ledford, seeks recovery for negligent infliction of emotional distress.

### FACTS

The instant action is one of numerous lawsuits arising out of the crash of Delta Airlines Flight 191. The crash occurred in Dallas, Texas, on August 2, 1985, during the landing of a flight that departed from Fort Lauderdale, Florida. The plaintiffs, Esther and Roger Ledford, have sued Delta Airlines for injuries each allegedly sustained as a result of the crash of Flight 191. Roger Ledford, Esther Ledford's husband, has sued Delta Airlines for, *inter alia,* negligent infliction of emotional distress. Roger Ledford claims that he suffered emotional distress both when he learned that the airplane on which his wife was a passenger had crashed, and when he watched the news reports of the accident which were broadcast over network television.

Roger Ledford alleges that he has a "pre-existing psychological condition that was aggravated within reasonable medical probability as a result of the airplane crash and the effect on his wife." Plaintiff's Response to the Motion for Partial Summary Judgment at 3. For at least one year prior to the airline accident Roger Ledford was treated by a psychiatrist for severe "anxiety" and "panic attacks." Deposition of Roger Ledford at 12.

The plaintiff alleges that as a result of treatment his condition improved, in the months before the crash, to the point that the plaintiff had returned to work. The plaintiff's psychiatrist stated in her deposition that three days after the crash Roger Ledford visited her and that he was so upset by the crash and his wife's involvement in the crash, that he began to cry in the lobby area of the clinic where she practices. Deposition of Dr. Olga Ramirez at 10.

Roger Ledford's psychiatrist stated, in her deposition, that two days after the crash of August 2, 1985, Mr. Ledford's blood pressure was 130 over 96. According to Mr. Ledford's psychiatrist, a normal blood pressure for a man the age of the plaintiff is 120 over 80. Deposition of Olga Ramirez at 13.

· Roger Ledford viewed the crash scene on television from Fort Lauderdale, Florida, shortly after the crash occurred. Two hours after he learned of the crash, Mrs. Ledford telephoned her husband to tell him that she had survived the crash. Roger Ledford claims that after the telephone call from his wife he felt "like [he] was having a heart attack." Deposition of Roger Ledford at 32–34.

Roger Ledford alleges that he sustained two injuries as a result of the emotional distress he suffered from his wife's involvement in the airplane accident. Mr. Ledford alleges that while he was at work he "ran the cutting press down on his arm and squashed and bruised it, but did not break any bones and did not break the skin." Response in Opposition to Motion for Partial Summary Judgment at 4. Mr. Ledford attributes this injury to a lack of concentration resulting from the stress of the airplane crash.

Mr. Ledford also alleges, in his affidavit, that he accidentally injured himself at work in January of 1986, by lifting heavy objects. Mr. Ledford again claims the injury was due to a lack of concentration. Response in Opposition to Motion for Partial Summary Judgment at 4; Affidavit of Roger Ledford at 2.

### DISCUSSION

Diversity of citizenship forms the basis of this court's subject matter jurisdiction.

"The rule of decision in a diversity action is provided by state law." *Keller v. Miami Herald Publishing Co.,* 778 F.2d 711, 714 (11th Cir.1985) (citing *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Neither party has raised a choice of law question and both parties have briefed the court on the present state of Florida law, with respect to the plaintiff's claim. The court, accordingly, will determine the issue under principles of Florida law.

■ Prior to 1985, Florida adhered to the *impact rule* for determining when recovery was possible for negligent infliction of emotional distress. *Gilliam v. Stewart,* 291 So.2d 593 (Fla.1974). Under the impact rule, to state a claim for negligent infliction of emotional distress, the plaintiff must have sustained physical impact from the accident. *Champion v. Gray,* 478 So.2d 17, 19 (Fla.1985).

In 1985, the Florida Supreme Court fashioned a modified version of the impact rule. *In Re Eastern Airlines, Inc., Engine Failure,* 629 F.Supp. 307, 310 (S.D.Fla.1986). In *Champion v. Gray,* the Florida Supreme Court held:

> that a claim exists for damages flowing from a *significant discernible* physical injury when such injury is caused by psychic trauma resulting from negligent injury imposed on another who, because of his relationship to the injured party *and* his involvement in the event causing the injury is forseeably injured.

*Champion,* 478 So.2d at 20 (emphasis added and footnote omitted).

In an opinion issued the same day as the *Champion* opinion, the Florida Supreme Court in *Brown v. Cadillac Motor Car Division,* 468 So.2d 903, 904 (Fla.1985), held that a person who seeks to recover for mental distress must allege that the "psychological trauma [has] cause[d] a demonstrable physical injury such as death, paralysis, muscular impairment or similar objectively discernible physical impairment."

■ Under Florida law, to prevail on a claim for negligent infliction of emotional distress a plaintiff must allege and prove the following: (1) that the plaintiff has suffered a significant discernible or demonstrable physical injury as a result of psychological trauma; (2) that the plaintiff is closely related to the injured party; and (3) that the plaintiff was "directly involved in the event causing the original injury." *Champion,* 478 So.2d at 20; *See also Cadillac Motor Car,* 468 So.2d at 904.

■ The injuries the plaintiff, Roger Ledford, claims to have sustained fall short of those required to state a claim under Florida law for negligent infliction of emotional distress. Temporary elevation of blood pressure not leading to further complications is not a significant and discernible injury. *Id.* Crying episodes, panic attacks and a fear of heart attack are emotional disturbances which, in the plaintiff's case, were perhaps worsened by the stress of the accident. Such complaints, however, do not constitute the demonstrable physical injury that must be shown under Florida law.

■ The alleged work related injuries that Mr. Ledford claims to have sustained are likewise insufficient as a matter of law. The first injury which allegedly occurred a few weeks after the accident when Mr. Ledford bruised and "squashed" his arm, but did not break the skin, does not constitute a significant discernible injury. Mr. Ledford also claims to have injured his back at work in January of 1986, some four months after the August 1985 crash. In addition to showing that the plaintiff suffered a significant discernible physical injury, the plaintiff must also prove that the "physical impairment accompan[ied] or occur[red] within a *short time* of the psychic injury." *Champion,* 478 So.2d at 19 (emphasis added). The requirement of demonstrating temporal proximity to the accident is part of the showing the plaintiff must make to prove that the physical injury occurred as a result of the psychological trauma. *Id.* at 19–20. Temporal proximity to the accident contributes to proof of causation. A lapse of four months does not, as a matter of law, satisfy this requirement.

■ The plaintiff's claim that he was "directly involved in the event causing the

accident," because he viewed the news reports of the accident scene, also fails under Florida law. *Champion,* 478 So.2d at 20. In order to be directly involved in the event, the plaintiff must "see" or "hear" the accident, or "arrive upon the scene while the injured party is still there...." *Id.*

In *Champion,* the plaintiff alleged that the mother who sustained emotional distress, "heard the accident, came immediately to the accident scene, and suffered severe emotional distress and shock which led to her death shortly after seeing her injured child." *Id.* In *Cadillac Motor Car,* the plaintiff was driving the car that struck and killed the plaintiff's mother. *Cadillac Motor Car,* 468 So.2d at 903. Here, by contrast, the plaintiff claims that he viewed the airplane crash scene on cable television after he learned of the crash. Affidavit of Roger Ledford at 1.

The court does not doubt that Mr. Ledford was distressed upon viewing the accident scene on television, particularly because at the time Mr. Ledford viewed the television coverage he did not know whether his wife had survived the crash and claims to have believed that she did not survive. The viewing of the scene of the crash shortly after it occurred, although graphic in its depiction, does not, under the circumstances presented here, satisfy the requirements of Florida law.

In *Champion,* the Florida Supreme Court noted the English case of *McLoughlin v. O'Brien,* 2 All E.R. 298 (1982), in which an English court "allowed recovery when a parent suffered psychic injury upon seeing her child in the hospital following an accident." *Champion,* 478 So.2d at 20. The Florida Supreme court reserved comment on whether it would recognize such a claim, but noted that if such a claim were to be recognized it would form the outer boundary of the requirement of involvement in the event. *Id.*

Roger Ledford's viewing of the accident scene does not represent even as close a connection to the traumatic event as did the occurrence in the English case where the mother viewed her daughter at the hospital. Roger Ledford did not, for example, see his wife on television, nor did he see the accident on television as it was happening. *See Crenshaw v. Sarasota County Public Hospital Board,* 466 So.2d 427, 429 (Fla.Dist.Ct.App.1985) (mother of stillborn child whose body was mistakenly mutilated by being placed in a commercial washing machine under circumstances where the mother did not view the mutilated body, is not involved in the event). The mere viewing of an accident scene via a television broadcast, without more, is insufficient under Florida law to satisfy the requirement of involvement in the event.

The only requirement for stating a claim for negligent infliction of emotional distress that the plaintiff, Roger Ledford, can show is that of being closely related to the injured party. Esther Ledford was a passenger on Flight 191. Not surprisingly, a spouse qualifies under Florida law as a close relation for purposes of satisfying that particular element of the tort of negligent infliction of emotional distress. *Champion,* 478 So.2d at 20. By meeting this requirement, however, the plaintiff would only have satisfied one of the elements of negligent infliction of emotional distress. To prevail on a claim of negligent infliction of emotional distress each of the elements must be proved. *Id.*

The court has reviewed the pleadings, together with the depositions and affidavit offered by the plaintiff, and finds that there does not exist a "genuine issue as to any material fact and that the moving party is entitled to a [partial] summary judgment as a matter of law." F.R.C.P. 56(c). Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion of the defendant, Delta Airlines, Incorporated, for partial summary judgment as to count five of the plaintiffs' complaint, be and the same, is GRANTED.