GLICKSTEIN, Judge,
concurring specially.
This is an appeal from a summary final judgment in favor of defendants/appellees, which we have affirmed.
Clay Faulkner, plaintiff/appellant, filed suit against Sun Bank and the company that owned, operated and maintained its automatic teller machine for damages he allegedly sustained due to their negligence in failing to provide adequate security and protection in the vicinity of the teller machine that he was using when he was robbed at gunpoint. The complaint included counts for damages based on negligence and breach of implied contract, and for punitive damages based on extreme want of care and conduct that was willful and wanton in nature. Faulkner alleged that, as a direct, proximate and foreseeable result of their negligence, he was injured in and about his body and/or suffered aggravation of a preexisting condition or injury, suffered pain therefrom, incurred medical expenses and related expenses in the treatment of his injuries, suffered physical handicap, suffered permanent injury within a reasonable degree of medical probability and/or permanent loss of bodily function, and suffered loss of enjoyment of life. However, the materials before the trial court on the defendants/appellees’ motion for summary judgment (Faulkner’s answers to interrogatories, his deposition and a psychological evaluation of him done several days after the incident) showed that the only physical symptom Faulkner allegedly suffered was fatigue that caused him to tire more easily and sleep more often for approximately six months following the incident.
I understand this panel is in unanimous agreement that the dissent in Sguros v. Biscayne Recreation Development Company, 528 So.2d 376 (Fla. 3d DCA 1988), is correct, but that the plaintiffs fatigue in this case would not meet the test recited in Champion v. Gray, 478 So.2d 17 (Fla. 1985), quoted by the Sguros majority. Id. at 379.
In footnote 3 of Champion, the court cites, among other cases from other jurisdictions, Molien v. Kaiser Foundation Hospitals, 27 Cal.3d 916, 616 P.2d 813, 167 Cal.Rptr. 831 (1980). Justice Mosk’s opinion therein is edifying by virtue of its historical analysis of the subject, its reference to other informed decisions from different states, and its conclusion that a cause of action exists for negligent infliction of serious emotional distress. In Molien, as here, the plaintiff was the direct victim of the defendant’s negligence. Champion, in which the mother died on seeing the body of her daughter, killed by the defendant’s negligence, is factually distinguished from these cases.