Robert H. LANDRY and Jane
Landry, Plaintiffs,

v.

FLORIDA POWER & LIGHT CORP.,
Diversified Nuclear, Inc., and Lloyd
Jeff Bowers, Defendants.

No. 89–8276–Civ.

United States District Court,
S.D. Florida.

Aug. 5, 1992.

James L. Torres, Searcy, Denney, Scarola, Barnhart & Shipley, Philip M. Burlington, West Palm Beach, Fla., for plaintiffs.

Jose & Wiedis, West Chester, Pa., Bradford D. Kaufman, Steel, Hector & Davis, West Palm Beach, Fla., for defendants.

## ORDER OF FINAL SUMMARY JUDGMENT

ROETTGER, Chief Judge.

THIS CAUSE is before the court on motion of defendants for summary judgment in the above styled cause. Upon consideration of the motion, the oral argument of the parties and the record in this cause, the court finds as follows:

Plaintiff, Robert Landry, was employed by Bechtel Construction, Inc. as a welder. Plaintiff has worked in four nuclear plants in the last twelve years. In connection with this work, Mr. Landry received six three-day radiation training courses. Defendant, Florida Power and Light, engaged

Bechtel Construction, Inc. as a subcontractor. Florida Power and Light is the owner and operator of the Turkey Point Nuclear Reactor Unit III (Turkey Point). Plaintiff was assigned to work at Turkey Point and attended a radiation training course prior to the commencement of this work.

On May 21, 1987, Plaintiff performed a thread engagement at Turkey Point. A radiation work permit was posted for the workers to read before entering the area. This permit set forth the repairs necessary in the specified area and the required protective clothing which included a respirator as directed by Health Physics. Mr. Landry inquired of defendant, Lloyd Jeff Bowers, if the area was safe for work without a respirator. Mr. Bowers was a health physics technician for defendant, Diversified Nuclear Inc., a subcontractor of Florida Power and Light providing radiation protection services at Turkey Point. Defendant Bowers determined that the area did not contain sufficient airborne radioactivity to warrant a respirator and so informed the workers.

The work area was stripped of insulation surrounding the thread engagement area. As plaintiff was working, a co-worker knocked loose some insulation containing asbestos contaminated with Cesium–137 which was carried in the air. Mr. Landry continued to work in the area thereby inhaling asbestos. Plaintiff alleges he would have worn a breathing apparatus had he known of the Cesium–137.

As it was suspected that plaintiff had inhaled radioactive dust, eight whole body counts [1] were performed between May and June of 1987. The tests revealed that a maximum 68 nanocuries of Cesium–137 were inhaled by Mr. Landry with a total

radiation dose of 2.2 millirem [2] over fifty years. After a physical examination of plaintiff, Dr. Nicholas G. Alexiou concluded that there was no evidence of any asbestosis or radioactive disease in the lungs. Further, the interpretation of the medical scan indicated that plaintiff had no more than normal background radiation and material in his body and had no evidence of any radioactive cesium in his lungs or elsewhere in his body. Dr. Alexiou's findings indicate that Mr. Landry was a normal healthy male with anxiety and concern about possible overexposure to asbestos.

Plaintiff has experienced loss of sleep, excessive intestinal gas, anxiety and depression as a result of the incident. Plaintiff's treating psychiatrist, Dr. McKinley Chesire, diagnoses the plaintiff as suffering from a mixed anxiety depressive reaction.

Background radiation is the level of radioactivity which occurs naturally [3] or artificially [4] in the environment. Defendants' affidavit [5] indicates that the average internal radiation dose from natural background sources within the body is 35 millirems per year. Defendants' uncontroverted affidavit [6] establishes that the average American receives 300 millirem per year from background radiation and that the average Floridian gets 23 millirem per year from the soil. Further, federal regulations limit the quantity of Cesium–137 any worker in a restricted area may inhale in any one calendar quarter to 37,800 nanocuries. 10 C.F.R. § 20.103.

Plaintiff brings this action on the grounds of negligence on the part of defendants and an increased risk of developing cancer. Plaintiff, Jane Landry, brings a

1. A whole body counter is a sensitive radiation detector that measures radiation coming from radioactive materials within the body or on the surface of the body. It measures naturally occurring radioactive elements within the body as well as radioactive material not naturally occurring in the body.

2. A rem is a measurement of radiation dose based upon the amount of energy absorbed in a given mass of tissue, taking into account the fact that different types of ionizing radiation

have different biological effects on the body. The prefix "milli" denotes one one-thousandth.

3. The human body and soil would be examples of naturally occurring sources.

4. Man-made sources would include watches, clocks, televisions and x-rays.

5. Affidavit of Dr. John Frazier, exhibit B to defendants' motion for summary judgment.

6. Affidavit of Dr. John Frazier.

claim for loss of consortium as wife of Mr. Landry.

This action was removed to federal court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331. As plaintiff alleged that his problems resulted from exposure to radioactive material, he has alleged liability resulting from a nuclear incident giving this court jurisdiction under 42 U.S.C. § 2210(n)(2). As the incident occurred at Turkey Point in Dade County, the law of the state of Florida is controlling pursuant to 42 U.S.C. § 2014(hh), which provides that the applicable law is that of the state in which the nuclear incident occurred.

■ Plaintiff alleges in his complaint an increased risk of developing cancer. Plaintiff may not recover for an enhanced risk of contracting cancer in the future. *Eagle–Picher Industries, Inc. v. Cox*, 481 So.2d 517 (Fla.App., 3d Dist.1985).

■ Prerequisites for negligent infliction of emotional distress in Florida differ depending on whether plaintiff has suffered a physical impact from an external force. If plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred and not merely the impact itself. *Id.* at 526. The inhalation of asbestos fibers satisfies the impact rule. *Id.* When the evidence is viewed in the light most favorable to the nonmoving party, plaintiff has established that he inhaled asbestos fibers. Mr. Landry contends that physical impact alone is sufficient for recovery on negligent infliction of emotional distress arising from a fear of cancer.

■ However, physical injury is also a predicate to recovery for negligent infliction of emotional distress arising from a fear of cancer. *Id.* at 528. In *Eagle–Picher*, the plaintiff who had been exposed to asbestos suffered a physical injury, asbestosis, and was therefore, able to recover damages for negligent infliction of emotional distress. This requirement is imposed to insure that only genuine claims are permitted.

■ Plaintiff has failed to maintain his *Celotex* burden by coming forward with affidavits and other materials to establish specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Mr. Landry has failed to establish the physical injury required for recovery in fear of cancer claims.[7] Dr. Alexiou's deposition, uncontroverted by plaintiff, stated that plaintiff is a healthy male with evidence of anxiety. Dr. Chesire diagnoses Mr. Landry as suffering from a

---

7. Defendants also contend that summary judgment is appropriate as defendants complied with the federal regulations concerning exposure of workers to Cesium. The Supreme Court has held that the federal government maintains complete control of the safety and nuclear aspects of energy generation. *Pacific Gas Co. & State Electric v. Energy Resources Conservation & Dev. Com.* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). However, the Supreme Court has also held that state authority extends to the imposition of liability for radiation-induced injuries unless there is irreconcilable conflict between state and federal standards or the imposition of state liability in an action for damages would frustrate the objectives of federal law. *Silkwood v. Kerr–McGee Corp.* 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984).

There is a split of authority on the role that federal regulations play in an action for damages under state tort law. This is further complicated by the Price–Anderson Amendments Act of 1988 in which Congress created a federal cause of action in any public liability action arising out of or resulting from a nuclear incident and provided that the substantive rules for decision in such an action shall be derived from the law of the state in which the nuclear incident occurs.

Some courts have concluded that federal safety regulations establish the duty element of a state tort cause of action and that there can be no liability in the absence of a violation of federal standards. *In re TMI Litigation Cases Consol. II* 940 F.2d 832 (3rd Cir.1991) and *O'Conner v. Commonwealth Edison Co.* 748 F.Supp. 672 (C.D.Ill.1990), both cases after the Price–Anderson amendments.

The Tenth Circuit Court of Appeals held that a defendant can be liable for radiation-induced injury even though it substantially complied with federal regulations unless under the circumstances the imposition of liability would be in irreconcilable conflict with federal standards or would frustrate the objectives of federal law. *Silkwood v. Kerr–McGee Corp.* 769 F.2d 1451 (10th Cir.1985). As plaintiff has failed to establish the necessary physical injury, this court will not reach this issue.

mixed anxiety depressive reaction as a result of the incident. Plaintiff's contentions that he has experienced loss of sleep, excessive intestinal gas, anxiety and depression as a result of the accident is the emotional distress for which he seeks to recover, but not the physical injury required. In *Brown v. Cadillac Motor Car Division* 468 So.2d 903 (Fla.1985), the Supreme Court of Florida held that there can be no cause of action for psychological trauma alone. There must be a demonstrable physical injury. Further, the maximum amount of Cesium–137, 68 nanocuries, to which the plaintiff was exposed is well below the maximum permissible dose set by 10 C.F.R. § 20.103 of 37,800 nanocuries by a worker in a restricted area in any one calendar quarter.

Mrs. Landry's claim for loss of consortium is derivative in nature and wholly dependent on her husband's ability to recover. Her right of action is a derivative right and she may recover only if her husband has a cause of action against defendants. *Gates v. Foley* 247 So.2d 40 (Fla. 1971). As Mr. Landry has failed to sustain his burden under *Celotex*, Mrs. Landry's claim likewise fails.

When viewed in the light most favorable to plaintiff, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Therefore, it is

ORDERED AND ADJUDGED that motion of defendants for summary judgment in the above styled cause is hereby GRANTED. Judgment is hereby entered for defendants. All parties to bear their own costs.

DONE AND ORDERED.