625 So.2d 116 (1993)
R.J. and P.J., Appellants,
v.
HUMANA OF FLORIDA, INC., D/B/a Humana Hospital-Lucerne, a Florida Corporation, et al., Appellees.
No. 92-2333.
District Court of Appeal of Florida, Fifth District.
October 15, 1993.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, for appellants.
Robert A. Hannah and Michael C. Tyson of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellee Humana of Florida, Inc., d/b/a Humana Hospital-Lucerne.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee William J. Robbins, M.D.
A. Broaddus Livingston and Sylvia H. Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee Smithkline Beecham Clinical Laboratories, Inc., f/k/a Smithkline Bio-Science Laboratories, Ltd., Inc.
W. SHARP, Judge.
R.J. and his wife P.J. appeal from a dismissal of their complaint filed against Humana of Florida, Inc., Smithkline Beecham Clinical Laboratories, Inc. and Dr. William Robbins. The appellants filed this negligence action after R.J. was incorrectly diagnosed and treated for being HIV positive. The action was dismissed because the appellants failed to satisfy the "impact rule." We reluctantly affirm but certify a question to the Florida Supreme Court regarding the applicability of the impact rule to this case.
According to the complaint, Humana took a blood sample from R.J. on March 19, 1989, and forwarded the sample to Smithkline Beecham Laboratories, Inc. for testing. On March 30, 1989, Humana informed R.J. that the results of the blood test indicated that he was infected with the HIV virus. Humana referred R.J. to Dr. William Robbins for medical care and treatment. R.J. was not retested until he requested it in November, 1990. This test revealed that R.J. was not infected with the HIV virus.
The appellants filed suit against Humana, Smithkline and Dr. Robbins for negligent testing, diagnosis and medical treatment. R.J. alleged that as a result of the defendants' negligence, he was led to incorrectly believe that he was infected with the HIV virus "causing him to suffer bodily injury including hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life and the reasonable expense of medical care and attention." The appellants' *117 second amended complaint was dismissed with prejudice on the basis that it failed to meet the "impact rule."
Under the "impact" doctrine, no recovery is allowed for injuries caused by a defendant's negligence in the absence of a physical impact to the claimant. Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974). The Florida Supreme Court has relaxed the requirement of an impact on a case-by-case basis. Champion v. Gray, 478 So.2d 17 (Fla. 1985); Brown v. Cadillac Motor Car Division, 468 So.2d 903 (Fla. 1985). More recently, the Florida Supreme Court held that the impact doctrine does not apply to a wrongful birth claim. Kush v. Lloyd, 616 So.2d 415 (Fla. 1992).
Although we believe that the impact rule should not apply to a case of a negligent HIV diagnosis,[1] we acknowledge that this case does not squarely fall within the recognized exceptions to the impact rule and thus we are constrained to affirm the dismissal of the appellants' complaint. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). However, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the following question to the Florida Supreme Court as being one of great public importance:
DOES THE IMPACT RULE APPLY TO A CLAIM FOR DAMAGES FROM A NEGLIGENT HIV DIAGNOSIS?
AFFIRM; QUESTION CERTIFIED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] If the purpose of the impact rule is to avoid fraudulent and purely subjective or speculative claims, there seems to be little likelihood of this in a case where someone is mistakenly told that they are infected with the HIV virus. A person seeking an AIDS test will most likely have a reason for believing that he or she has been exposed to the virus, the tests are generally accurate and will most likely be believed and the news that one is HIV positive will almost certainly cause severe emotional anguish. In addition, a person who is misdiagnosed and told that he is HIV positive will most likely suffer from unnecessary medical treatment with unpleasant and perhaps damaging side effects.