# Supreme Court of Florida

_____

No. SC18-1875
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES—
REPORT NO. 18-03.**

December 20, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases
(Committee) has submitted proposed changes to the standard jury instructions and
asks that the Court authorize the instructions for publication and use.  We have
jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee, following study and drafting by a subcommittee, and upon
its own further consideration and refinement, has proposed a new set of civil jury
instructions that cover the substantive cause of action for negligent infliction of
emotional distress.  Specifically, the following new instructions under new Section
420, Negligent Infliction of Emotional Distress, are proposed:  420.1
(Introduction); 420.2 (Summary of Claims); 420.3 (Greater Weight of the
Evidence); 420.4 (Negligence); 420.5 (Legal Cause); 420.6 (Issues on Claim); and

420.7 (Burden of Proof on Claim).  Prior to filing its report with the Court, the Committee published for comment its proposals in *The Florida Bar News*.  One comment was received by the Committee, which resulted in additional notes on use to the instructions.  The Court did not publish the Committee's proposals.

The negligent infliction of emotional distress instructions are in a format and style consistent with that approved by the Court in 2010 when the Court authorized for publication and use the reorganization of the civil jury instructions.  *See In re Std. Jury Instr. in Civil Cases—Report No. 09–01 (Reorganization of Civil Jury Instructions)*, 35 So. 3d 666 (Fla. 2010).  In fact, the new instructions are either identical to, or largely patterned after, many of the counterpart substantive civil instructions under Section 400.  Having considered the Committee's report, the comment submitted to the Committee, and the Committee's response to the comment, we authorize the new civil jury instructions for publication and use as set forth in the appendix to this opinion.[1]  New language is indicated by underlining.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all

---

1. Minor editorial or technical changes to the proposed instructions or notes on use are not elaborated upon.

interested parties that any notes on use associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Laura K. Whitmore, Chair, Tampa, Florida, Jeffrey Alan Cohen, Vice Chair and Subcommittee Chair, Miami, Florida, and Honorable Stephanie W. Ray, Member, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## SECTION 420 — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

420.1 Introduction

420.2 Summary of Claims

420.3 Greater Weight of the Evidence

420.4 Negligence

420.5 Legal Cause

420.6 Issues on Claim

420.7 Burden of Proof on Claim

### Note on Use

The tort of "negligent infliction of emotional distress" is recognized in Florida. *Champion v. Gray*, 478 So. 2d 17 (Fla. 1985); *Zell v. Meek*, 665 So. 2d 1048 (Fla. 1995). The boundaries of this cause of action, the persons who may recover, and the relationships that form the basis of recovery will be established by the courts of this state on a case-by-case basis. *Champion*, at 21–22 (Alderman, J., concurring specially). These instructions should not be given if the plaintiff suffered an impact of any type. See generally *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007). The essence of impact is that the "outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's body." *Id.* If there was an impact, the jury instructions given would be governed by the principles for the type of tort involved and the resulting damages.

### 420.1  INTRODUCTION

**Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I**

**would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

## 420.2  SUMMARY OF CLAIMS

**The claims in this case are as follows.** (Claimant) **claims that** (defendant) **was negligent in** (describe alleged negligence) **which inflicted emotional distress on** (claimant)**.**

(Defendant) **denies that claim and that** (describe any affirmative defenses)**.**

**The parties must prove all claims** (and defenses) **by the greater weight of the evidence. I will now define some of the terms you will use in deciding the case.**

## 420.3  GREATER WEIGHT OF THE EVIDENCE

**"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

NOTES ON USE FOR 420.3

1.     *Greater or lesser number of witnesses.* The committee recommends that no charge be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.

2.     *Circumstantial evidence.* The committee recommends that no charge generally be given distinguishing circumstantial from direct evidence. See *Nielsen v. City of Sarasota*, 117 So. 2d 731 (Fla. 1960).

# 420.4  NEGLIGENCE

**Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.**

# 420.5  LEGAL CAUSE

*a.      Legal cause generally:*

**Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the conduct, the [loss] [injury] [or] [damage] would not have occurred.**

*b.      Concurring cause:*

**In order to be regarded as a legal cause of [loss] [injury] [or] [damage] negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].**

*c.      Intervening cause:*

*Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:\**

**\*[In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be its only cause.] Negligence may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the negligence occurs if [such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the**

**resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it].**

NOTES ON USE FOR 420.5

1.      Instruction 420.5a (legal cause generally) is to be given in all cases. Instruction 420.5b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her negligence by reason of some other cause concurring in time and contributing to the same damage. Instruction 420.5c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.

2.      The jury will properly consider instruction 420.5a not only in determining whether defendant's negligence is actionable but also in determining whether claimant's negligence contributed as a legal cause to claimant's damage, thus reducing recovery.

3.      Instruction 420.5b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instructions 501.5a or 501.5b should be given as well. See *Hart v. Stern*, 824 So. 2d 927, 932–34 (Fla. 5th DCA 2002); *Marinelli v. Grace*, 608 So. 2d 833, 835 (Fla. 4th DCA 1992).

4.      Instruction 420.5c (intervening cause) embraces two situations in which negligence may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the negligence although the other cause was not foreseeable, *Mozer v. Semenza*, 177 So. 2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable, *Gibson v. Avis Rent-A-Car System, Inc.*, 386 So. 2d 520 (Fla. 1980).

5.      *"Probable" results.* The committee recommends that the jury not be instructed that the damage must be such as would have appeared "probable" to the actor or to a reasonably careful person at the time of the negligence. In cases involving an intervening cause, the term "reasonably foreseeable" is used in place of "probable." The terms are synonymous and interchangeable. See *Sharon v.*

*Luten*, 165 So. 2d 806, 810 (Fla. 1st DCA 1964); Prosser, *Torts* 291 (3d ed.); 2 Harper & James, *The Law of Torts*, 1137.

6.    The term "substantially" is used throughout the instruction to describe the extent of contribution or influence negligence must have in order to be regarded as a legal cause. "Substantially" was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant's negligence, *Loftin v. Wilson*, 67 So. 2d 185, 191 (Fla. 1953), but also in relation to plaintiff's comparative negligence, *Shayne v. Saunders*, 176 So. 495, 498 (Fla. 1937).

# 420.6  ISSUES ON CLAIM

**The issues you must decide on** (claimant's) **claim against** (defendant) **are whether:**

*a.*    (Defendant) **was negligent in causing injury to** (name of injured/deceased) **by** (describe alleged negligence)**;**

*b.*    (claimant) **was involved in some way in the event causing the injury** (describe the event) **to** (name of injured/deceased)**;**

*c.*    (claimant) **had a close personal relationship to** (name of injured/deceased)**;**

*d.*    (claimant) **suffered a physical injury; and**

*e.*    **the physical injury was caused by the emotional distress.**

Notes on Use for 420.6

1.    The elements of negligent infliction of emotional distress are found in *Champion v. Gray*, 478 So. 2d 17 (Fla. 1985) and *Zell v. Meek*, 665 So. 2d 1048 (Fla. 1995).

2.    "The requirement that the physically injured person be directly involved in the event causing the original injury must also be scrutinized on a case-by-case basis. Proximity to the accident in time and space does not necessarily mean only direct and immediate sight or hearing at the scene of the accident.

Rather, there may be recovery in instances where there is a direct perception of some of the events making up the entire accident, including the immediate aftermath of the accident. This would include but not be limited to the factual situation found in *McLoughlin* [*v. O'Brian*, [1982] 2 All E.R. 298 (Eng.H.L.1982)]." *Zell v. Meek*, 665 So. 2d 1048, 1052–53 (Fla. 1995) quoting *Champion v. Gray*, 478 So. 2d 17, 22 (Alderman, J. concurring) (Fla. 1985).

3.      The element of a physical injury is also unnecessary for claims from ingesting contaminated food or drink, where a psychotherapist breaches the statutory duty of confidentiality and privacy, an entity discloses the results of a person's HIV test in violation of Florida Statutes, intentional torts resulting predominantly in emotional damages, freestanding torts such as wrongful birth or negligent stillbirth, and any case where the tortfeasor's negligence may be characterized as willful and wanton. See *Florida Dept. of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007); *Rowell v. Holt*, 850 So. 2d 474 (Fla. 2003); *Gracey v. Eaker*, 837 So. 2d 348 (Fla. 2002); *Hagen v. Coca Cola Bottling Co.*, 804 So. 2d 1234 (Fla. 2001); *Tanner v. Hartog*, 696 So. 2d 705 (Fla. 1997), *Kush v. Lloyd*, 616 So. 2d 415 (Fla. 1992); and *Brady v. SCI Funeral Services of Florida, Inc.*, 948 So. 2d 976 (Fla. 1st DCA 2007).

4.      There is no requirement that a party have a legal relationship with the injured or deceased person in order to bring a claim for negligent infliction of emotional distress. *Watters v. Walgreen Co.*, 967 So. 2d 930 (Fla. 1st DCA 2007). Whether a particular relationship qualifies as a "close personal relationship" will depend on the facts of the particular case, and "is typically a question of fact." *Id.* at 932 (citing *Zell v. Meek*, 665 So. 2d 1048 (Fla. 1995)).

5.      Examples of physical injuries resulting from emotional distress can be found in *Zell v. Meek*, 665 So. 2d 1084 (Fla. 1995) (stomach pains, esophageal blockage, fibromyalgia, irritable bowel, and muscle tightness) and *Champion v. Gray*, 478 So. 2d 17 (Fla. 1985) (death).

### 420.7  BURDEN OF PROOF ON CLAIM

**If the greater weight of the evidence does not support** (claimant's) **claim, your verdict should be for** (defendant)**.**

**However, if the greater weight of the evidence supports** (claimant's) **claim, [then your verdict should be for** (claimant) **and against** (defendant)] **[then you shall consider the defense raised by** (defendant)].

**[If the greater weight of the evidence supports the defense, your verdict should be for** (defendant). **However, if the greater weight of the evidence does not support the defense, your verdict should be for** (claimant) **and against** (defendant).]