PARKER, Judge.
Rem-Con Communications, Inc., and Ralph Chaneey appeal a summary final judgment entered in favor of United American Bank of Memphis (UAB) in its action for replevin and against Rem-Con on its counterclaim. Rem-Con’s counterclaim contained the following counts: (1) fraudulent misrepresentation against an executive vice-president of UAB; (2) wrongful repossession/conversion against UAB; (3) breach of contract against UAB; and (4) specific performance of the contract against UAB. We reverse, concluding that there are material facts in dispute.
In December 1991 Floral Concepts, Inc., owed a debt in excess of $225,000 to UAB, a Tennessee banking operation. Floral Concepts secured this debt to UAB with a receivable from Accessory Buying Service, Inc. Ralph Chaneey was the President of Accessory Buying Service. Floral Concepts failed to repay its debt to UAB, and in late 1992, UAB met with Floral Concepts’ president and Chaneey, who also was the President of Rem-Con, to formulate a plan for retiring the debt from Floral Concepts to UAB.
The parties memorialized their agreement in a series of written documents in November and December 1992. UAB issued a commitment letter to Floral Concepts and Chan-cey in which UAB promised to extend the maturity date of the debt for sixty months, at Rem-Con’s sole discretion, in the event of Floral Concepts’ default. UAB agreed to send any notice of default by Floral Concepts to Rem-Con. Floral Concepts executed a promissory note payable to UAB in the amount of $225,000. Rem-Con executed a Corporate Guaranty, an Agreement to Secure Guaranty, and an Aircraft Security Agreement, pledging an aircraft as collateral for the note and guaranty.
Under the note, Floral Concepts was to pay accrued interest on January 18, 1992, and February 18, 1992, and the entire balance on March 18, 1992. Floral Concepts failed to pay both interest payments.
UAB provided the first written notice of default to Chaneey on March 22, 1993. On the same date, UAB made a demand to Floral Concepts for the full $227,211.73 it contended was due under the note. On March 26, 1993, Chaneey notified UAB in writing that he was exercising Rem-Con’s right to extend the note sixty months. UAB responded to Chancey’s notice by a letter stating that UAB would not extend the loan.
In April 1993 UAB filed a replevin action for Rem-Con’s aircraft, which was the collateral for the loan to Floral Concepts. Upon issuance of the writ, UAB paid outstanding hangar fees for the aircraft totaling $14,000, and the sheriff replevied the aircraft. Rem-Con moved to dissolve the writ.
UAB filed for summary judgment against Rem-Con alleging, by affidavit, that Floral Concepts defaulted on the note by failing to make the payments and by allowing the collateral to be impaired due to the aircraft’s state of disrepair and nonpayment of storage, hangar, and fuel fees. Rem-Con filed the affidavit of Chaneey in opposition, alleging that (1) Rem-Con caused the monthly interest payments to be made; (2) Rem-Con exercised its right to extend the repayment period of the loan for an additional sixty months; (3) UAB reneged on its commitment to refinance; (4) at the time Rem-Con pledged the aircraft as collateral, it was in good condition and had an appraised value of at least $318,000; (5) during the ninety days *322 following the date the aircraft was pledged as collateral, Rem-Con properly maintained the aircraft; (6) at the time UAB seized the aircraft, it required less than $5000 routine maintenance; (7) contrary to UAB’s assertions, there were no liens levied against the aircraft; and (8) in addition to having no reasonable grounds for insecurity, UAB did not contact Rem-Con to express its insecurity and to seek adequate assurances that Rem-Con would be capable of maintaining the aircraft in airworthy condition. The trial court entered summary final judgment in favor of UAB.
We conclude that the summary final judgment was error. For a summary judgment to be entered, UAB had the burden to demonstrate conclusively that Rem-Con and Chancey cannot prevail. See Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). If there is even the slightest possibility of a genuine issue of material fact, summary judgment is improper. Wilson v. Woodward, 602 So.2d 547 (Fla. 2d DCA 1992). There was evidence that the note was not in default at the time Rem-Con exercised its option to extend. Chancey swore in his affidavit that Rem-Con caused Accessory Buying Service to pay the interest installments and attached to the affidavit canceled checks as evidence of payment. Those checks totaled more than the accrued interest under the note for the interest payments which were due for the first three months of 1992. UAB did not refute this evidence. The issue of payment is a material and disputed fact which made summary judgment improper. See Pennco, Inc. v. Meritor Sav., 617 So.2d 739 (Fla. 2d DCA 1993). Further, there is a factual question of whether UAB had a good-faith belief that the collateral for the loan was impaired. We, therefore, reverse the summary final judgment as to UAB’s complaint and Rem-Con’s counterclaim.
Reversed and remanded.
DANAHY, A.C.J., and WHATLEY, J., concur.