**Paul SEIBEL, and Marie Seibel, his wife, Plaintiffs,**

v.

**SOCIETY LEASE, INC., Key Lease, Inc., Falcon International, Inc., and John Doe, Inc., Defendants.**

**No. 97–27–CIV–FTM–17D.**

United States District Court, M.D. Florida, Fort Myers Division.

June 5, 1997.

Thomas J. Lyons, Thomas J. Lyons, Sr., Consumer Justice Center, P.A., St. Paul, MN, Denise B. D'Aprile, Law Offices of Denise B. D'Aprile, Port Charlotte, FL, for Paul Seibel, Marie Seibel.

James Robert Freeman, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, FL, for Society Lease, Inc., Key Lease Inc. of Ohio.

David Jonathon Joffe, Thomas J. Morgan, Law Office of Joffe & Morgan, P.A., Coconut Grove, FL, for Falcon Int'l. Inc.

### ORDER

KOVACHEVICH, District Judge.

This cause of action is before the Court on Defendant's Motion to Dismiss and/or Strike (Dkts. 7, 8), and Plaintiffs' Response to Defendant's Motion to Dismiss and/or Strike (Dkt. 9).

### STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The allegations in the complaint should be taken as admitted by Defendants and liberally construed in favor of the Plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

Federal Rule of Civil Procedure 12(f) provides that upon motion by a party or upon the Court's initiative at any time, the Court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla.1978), citing *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir.1962). In evaluating a motion to strike, the Court must treat all well–pleaded facts as admitted and cannot consider matters beyond the pleadings. *U.S. Oil Co. v. Koch Refining Co.,* 518 F.Supp. 957, 959 (E.D.Wis.1981).

### FACTS

Plaintiffs are Paul and Marie Seibel. On or about April 11, 1994, Plaintiffs entered into a lease contract with Defendant Society Lease ("Society") for a 1994 Dodge Dakota Truck ("the truck") with monthly lease payments of $367.01, due on the 11th of each month. Plaintiffs filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, on August 31, 1995. Plaintiffs listed Defendant Key Lease ("Key") as a Creditor Holding Secured Claims in the bankruptcy filings. Therefore, Plaintiffs' attorney sent a letter informing Key of the Plaintiffs' bankruptcy and enclosed a Statement of Intention executed by Plaintiffs indicating that Plaintiffs would continue to make monthly payments on the truck. In a letter dated October 2, 1995, Society's attorney requested that Plaintiffs execute a "Reaffirmation Agreement" on the truck. Plaintiffs executed and returned the Reaffirmation Agreement to Society's attorney. Plaintiffs claim they made all thirteen monthly lease payments on the truck, and Society accepted those payments. Society authorized the truck to be repossessed because it claims that Plaintiffs defaulted on their obligations. Defendant Falcon International, Inc. ("Falcon") then repossessed Plaintiffs' truck.

Plaintiffs claim the events surrounding the repossession of the truck occurred as follows. At 7:00 a.m. on February 6, 1996, Plaintiff Marie Seibel went outside to pick up the paper and discovered the truck was no longer in the driveway. Marie informed her husband that the truck was missing, and he went outside to search the property. Upon the discovery that the truck was missing, Plaintiff Paul Seibel says he experienced chest pains, rapid heart rate, and then passed out for approximately 10 minutes. Marie Seibel then went inside and retrieved her husband's heart medication, returned and placed the nitroglycerin tablet under his tongue. Paul Seibel regained consciousness, and was able to walk back into the house and call the Port Charlotte County Sheriff's office to report the truck was stolen. He was then informed that the truck had been repossessed by Falcon. Paul Seibel contacted Falcon and was told that Falcon would not return the truck. Falcon instructed Plaintiffs to call Society, who informed Plaintiffs that

the truck would not be returned, nor would a temporary vehicle be provided while it investigated the repossession. Society sent Plaintiffs a letter regarding the sale of the vehicle, entitled "Statutory Notice of Repossession and Sale." Ten days after the repossession, and after Plaintiffs' Bankruptcy attorney demanded the return of the truck, Society returned the truck to Plaintiffs. Plaintiffs claim that as a result of the repossession, Marie Seibel was unable to continue working and lost wages in the amount of $600.00, and Paul Seibel experienced a syncope syndrome, diagnosed by Dr. Stults. Plaintiffs claim to have experienced fear, humiliation, anxiety, mental anguish and stress, and out of pocket damages in an amount not less than $750.00 in lost wages and rental car expense as a result of the repossession.

## DISCUSSION

**A. Falcon's Repossession of the Truck does not Violate the Fair Debt Collections Practices Act and Sec. 559.72(9), *Florida Statutes*, because Falcon does not fall within the Definition of a "Debt Collector."**

■ After consideration, the Court concludes that the claim against Falcon for violation of the Fair Debt Collections Practices Act ("FDCPA") and Sec. 559.72(9), *Florida Statutes*, must be dismissed because Falcon does not fall within the statutory definition of a "debt collector." Falcon is in the business of repossessing vehicles; however, this does not place Falcon within the statutory definition of a "debt collector" stated in the Section 559.55(6), *Florida Statutes*, as follows:

"Debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside the state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process or collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

Falcon's activities do not fall within this statute, nor under Title 15 U.S.C. Section 1692, the Fair Debt Collection Practices Act, after which the Florida statute is modeled. Plaintiffs do not allege in their complaint that Falcon ever contacted Plaintiffs by letter, phone, or any other means that might have implied that they were a "debt collector" or a third party in interest. Plaintiffs do not claim that the actual debt was in any way assigned to Falcon. Plaintiffs have not alleged any facts which would bring Falcon within the definition of the statutes.

The definition of "repossession" set forth in Section 493.6101(22), *Florida Statutes* is as follows:

"Repossession" means the recovery of a motor vehicle as defined under sec. 320.01(1), or mobile home as defined in sec. 320.01(2), or motorboat as defined under sec. 327.02, by an individual who is authorized by the legal owner, lienholder, or lessor to recover, or to collect money payment in lieu of recovery of, that which has been sold or leased under a security agreement that contains a repossession clause. A repossession is complete when a licensed recovery agent is in control, custody, and possession of such motor vehicle, mobile home, or motorboat.

This definition is nowhere reflected, or referred to, in the statutes upon which the Plaintiffs rely in their allegations against Falcon. Furthermore, Falcon is defined as a "recovery agency" and holds itself out to the public as such. Section 493.6101(20), *Florida Statutes*, defines "recovery agency" as:

Any person who, for consideration, advertises as providing or is engaged in the business of performing repossessions.

Falcon is a "recovery agency," according to the statutes, and Plaintiffs have failed to state factual allegations contrary to this definition, and therefore Falcon does not meet the definition of a "debt collector."

■ The Federal and Florida statutes upon which the Plaintiffs base their claim only apply to Falcon if it is a "debt collector" under the statutes. Falcon is not a "debt collector," and cannot be held liable for failing to abide by the statutes. The FDCPA

applies to creditors, who use abusive practices in collecting their own debts or those assigned to them. The FDCPA does not apply to recovery agencies who have no interest in the debt, and have not had any contact with debtor.

Plaintiffs argue that while repossession companies are not usually subject to the FDCPA, the statute still applies to repossession companies which act in "the enforcement of security interests of others." citing *James v. Ford Motor Credit Co.*, 842 F.Supp. 1202 (D.Minn.1994) *aff'd,* 47 F.3d 961 (8th Cir. 1995) (citing 15 U.S.C. Sec. 1692a(6), 1692f(6)). However, the court in James limits the application of the FDCPA to repossession companies when they meet the definition of "debt collector." *Id.* at 962. The court in *James* refers to the allegation of applying the FDCPA to a repossession company as "substantively weak." *Id.* at 963. Furthermore, the *James* court did not reach the merits of whether or not the FDCPA was applicable to repossession companies, because in that case the claim was barred by the statute of limitations. *Id.*

■ Plaintiffs also rely on *Jordan v. Kent Recovery Services, Inc.*, 731 F.Supp. 652 (D.Del.1990) as holding that the FDCPA and legislative history show that repossession agencies are covered by Section 1692f(6). However, upon careful examination of *Jordan,* the Court notes that the *Jordan* court held that the suit must be dismissed if it was determined that the defendant qualified as a repossession agency. *Id.* at 659. This is because repossession agencies are within section 1692f(6), but only when they are enforcing the security interest of a creditor and seize property in which the creditor does not actually have a "present right" in collateral. *Id.* The court in *Jordan* concluded that the repossessing of a car was not considered to be acting as a "debt collector," which usually involves the "obligation of a consumer to pay money." *Id.* The *Jordan* court considered repossessing a car to be acting as a repossession agency, which fell outside of the FDCPA. *Id.* at 660.

As in *Jordan,* only Section 1692f(6) of the FDCPA will apply to Falcon, and this section will only apply if Society did not have a present right in the truck. Plaintiffs do not claim that Society did not have any rights in the truck; therefore, if Falcon is deemed a repossession agency, then the FDCPA claim against Falcon must be dismissed. Falcon did not attempt to obtain the debt owed to Society. Falcon repossessed the truck and, as in *Jordan,* the repossession of a truck is not a "debt collection" within the FDCPA.

## B. The Facts Plead by Plaintiffs Satisfy the Criteria of the Florida "Impact Rule."

■ As for the claims remaining in Count II, Falcon asserts that Plaintiffs should be barred from recovering any damages for physical and emotional conditions received as a result of the repossession of their truck because this would contradict the Florida "impact rule." The Florida impact rule normally requires a physical impact to recover for emotional damages. *See Gilliam v. Stewart,* 291 So.2d 593 (Fla.1974). However, Plaintiffs' allegations, which for the purpose of this motion must be viewed as true, are sufficient to meet the elements of the exceptions to the impact rule established by the Florida Supreme Court.

Falcon cites *Brown v. Cadillac,* 468 So.2d 903 (Fla.1985), in its claim that damages are barred by the impact rule. In *Brown,* the plaintiff was denied recovery for psychological trauma suffered after the Cadillac he was driving suddenly accelerated, and struck and killed his mother. *Id.* at 904. The court held that a lack of any physical injury bars recovery for emotional damages under the impact rule. However, the court created an exception, and held that psychological shock which leads to physical harm can satisfy the rule. *Id.* The court stated that:

[S]uch psychological trauma must cause a demonstrable physical injury such as death, paralysis, muscular impairment, or a similar objectively discernible physical impairment before a cause of action may exist. 468 So.2d 903, 904 (Fla.1985) (emphasis added).

The Court also issued the decision in *Champion v. Gray,* 478 So.2d 17, 19 (Fla.1985), on the same day as *Brown,* and emphasized that

physical impairment caused by psychic injury satisfies the impact rule.

Falcon also cited *Sguros v. Biscayne Recreation Development Co.*, 528 So.2d 376 (Fla. 3d DCA 1987), in which the plaintiff's former husband suffered a heart attack and died due to the stress caused by hearing intruders on their boat in the middle of the night. The court held the marina could not be held liable for failure to supply adequate security because injury induced or occasioned by mere observance of a traumatic event is insufficient to meet the physical impact requirement. *Id.* The decision in *Sguros* can be distinguished from the instant case in that Plaintiffs here are suing Falcon for the intentional tort of wrongful repossession and conversion, not for negligence. This is the same basis for which the *Sguros* court distinguished *Kirksey v. Jernigan*, 45 So.2d 188 (Fla.1950) and *Crane v. Loftin*, 70 So.2d 574 (Fla.1954). *Sguros*, 528 So.2d at 378. These cases involved the effect of defendants' tortious acts on plaintiffs' emotional state. *Id.* at 379.

In the instant case, Plaintiffs have alleged a discernible physical injury, the "syncope syndrome," which they claim was a result of Falcon's tortious conduct. The Court finds that the exception to the impact rule applies, and Falcon's motion to dismiss the claims in Count II is denied.

### C. Plaintiffs Have Stated Several Causes of Action for Which the Elements Have Been Plead.

1. Plaintiffs Did Not Violate the Federal Rules of Civil Procedure 10(b).

Falcon claims that if Plaintiffs seek to bring a claim under all four theories of recovery in Count II, then, according to Federal Rules of Civil Procedure 10(b), each cause of action must have been plead in a separate count. Rule 10(b) actually states, however, "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ..." Plaintiffs claims for wrongful repossession, conversion, trespassing, and breach of the peace are all founded from the same transaction and occurrence, the repossession of the truck. The Court

finds that Plaintiffs did not violate Rule 10(b) in the pleadings.

2. Plaintiffs Have Plead Facts Sufficient to Show that Falcon Breached the Peace When it Repossessed the Truck.

A creditor may not breach the peace during a self-help repossession. Sec. 679.503, *Florida Statutes*. Plaintiffs have plead facts sufficient to bring a cause of action for breach of the peace. Consent must be freely given to enter the property of a debtor in order to repossess. *Quest v. Barnett Bank of Pensacola*, 397 So.2d 1020, 1023 (Fla.Dist.Ct.App.1981). The debtor may revoke the right to self-help repossession by objecting to the repossession. *Id.* Entry after consent has been revoked is a breach of the peace. *Id.* Falcon may have breached the peace by repossessing the truck from Plaintiffs' private driveway. Plaintiffs may have been considered to have revoked any implied right to self-help when they informed Society that they were going to continue payments on the vehicle. Falcon could have breached the peace by trespassing on Plaintiffs' land without notice. A cause of action exists for breach of the peace because this may have led to Plaintiffs' damages.

3. Plaintiffs Have Plead Facts Sufficient to Establish a Cause of Action for Conversion.

Conversion has been defined as: "a wrongful taking of personal property with intent to exercise an ownership which is inconsistent with the real owners' right of possession." *King v. Saucier*, 356 So.2d 930, 931 (Fla.Dist.Ct.App.1978) (citing *Wilson Cypress Co. v. Logan*, 120 Fla. 124, 162 So. 489 (1935)). "The essence of the tort is not the acquisition of the property; rather it is the wrongful deprivation." *National Union Fire Ins. Co. of Penn. v. Carib Aviation, Inc.*, 759 F.2d 873, 878 (11th Cir.1985) (applying Florida law) (citing *Star Fruit Co. v. Eagle Lake Growers, Inc.*, 160 Fla. 130, 33 So.2d 858 (1948)). "An act of willful interference with the personal property of another which is inconsistent with the rights of the person entitled to the use, possession or ownership of the property ... Good faith is not a defense to a claim of conversion." *Dairy Farm Leasing Co. v. Haas Livestock Selling Agen-*

*cy, Inc.,* 458 N.W.2d 417, 419 (Minn.App. 1990).

 Falcon bases its argument on the fact that Plaintiffs were not permanently deprived of their truck, or for a long enough period of time to constitute conversion. Falcon also argues, in support of this contention, that the truck was returned in the same condition as it was at the time of repossession. Falcon does not deny, however, that it did take the vehicle and have control over it for a period of time. Plaintiffs have plead facts sufficient to demonstrate a conversion could have occurred; it is for the trier of fact to determine if a conversion actually occurred.

 4. Plaintiffs Have Plead Facts Sufficient to Establish a Cause of Action for Wrongful Repossession.

 Falcon claims that Plaintiffs have failed to provide a statutory basis for the wrongful repossession claim. However, Plaintiffs cited Sec. 679.503, *Florida Statutes,* and damages under Sec. 679.507(1), *Florida Statutes.* Plaintiffs have plead that the truck was wrongfully repossessed because they were not in default on their payments. Therefore, the facts plead are sufficient to show a cause of action for wrongful repossession.

### CONCLUSION

Plaintiffs have not plead sufficient facts to demonstrate a cause of action under the Fair Debt Collections Practices Act and the Sec. 559.72(9), *Florida Statutes.* The Court grants the Motion to Dismiss Counts I and IV. Plaintiffs have plead facts sufficient to establish a cause of action for breach of the peace, conversion, and wrongful repossession. Therefore, the Court denies the Motion to Dismiss Counts II and III. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss and/or Strike (Dkts.7, 8) is **DENIED** as to Counts II and III and is **GRANTED WITH PREJUDICE** as to Counts I and IV.