973 So.2d 1257 (2008)
Verla and Lamar MAYO, Appellants,
v.
Bob ALLEN, Edda Allen, and R & E Allen Properties, Inc. d/b/a Sportsman's Lodge/Marina and Restaurant, Appellees.
No. 1D06-4514.
District Court of Appeal of Florida, First District.
February 11, 2008.
Rehearing Denied February 11, 2008.
*1258 Randall Denker of Denker Law Offices, Bradfordville, for Appellants.
Clifford W. Sanborn and Steven M. LaSota of Barron, Redding, Hughes, Fite, Sanborn, Kiehn & Dickey, P.A., Panama City, for Appellees.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the appellees' motion for rehearing, withdraw our opinion filed on August 23, 2007, and substitute the following opinion in its place.
The appellants, Verla and Lamar Mayo (the Mayos), appeal the trial court's final judgment in favor of the appellees, Bob and Edda Allen and R & E Allen Properties, Inc. Of the Mayos' seven issues on appeal, we will only address the Mayos' argument that the trial court erred in finding that Mr. Allen did not commit conversion. We disagree and affirm on all issues.
It is well settled that a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time. See Star Fruit Co. v. Eagle Lake Growers, Inc., 160 Fla. 130, 33 *1259 So.2d 858 (1948); see also Gen. Fin. Corp. of Jacksonville v. Sexton, 155 So.2d 159 (Fla. 1st DCA 1963). Conversion may be demonstrated by a plaintiffs demand and a defendant's refusal. See Goodrich v. Malowney, 157 So.2d 829, 832 (Fla. 2d DCA 1963) ("The purpose of proving a demand for property by a plaintiff and a refusal by a defendant to return it in an action for conversion is to show the conversion. The generally accepted rule is that demand and refusal are unnecessary where the act complained of amounts to a conversion regardless of whether a demand is made.").
The Mayos argue that Mr. Allen committed conversion by keeping the Overland RV, the downpayment, the personal belongings, and the value of repairs to the Overland RV. With respect to the downpayment and the value of repairs, those claims were not raised by the Mayos in their complaint and will not be addressed on appeal. See Mapoles v. Mapoles, 332 So.2d 373 (Fla. 1st DCA 1976) (holding that issues not raised in the pleadings may not be addressed on appeal).
With respect to the Overland RV, the trial court found that the Mayos defaulted under the terms of the sales agreement when they failed to make the payments due. The trial court also found that Mr. Allen had the right to repossess the Overland RV upon the Mayos' default on the sales agreement. These findings are supported by competent, substantial evidence. The Overland RV was not the Mayos' property. The Mayos had possession of the Overland RV only as long as they made the payments due under the sales agreement. It is undisputed that the Mayos failed to make the payments due and defaulted under the terms of the sales agreement. It is also undisputed that the title to the Overland RV was in Mr. Allen's, not the Mayos', name. Additionally, even if they were somehow entitled to possession of the Overland the Mayos did not demand its return or demonstrate that such a demand would have been futile. The "demand letter" referred to by the Mayos in their complaint and on appeal was not a demand letter, but rather a letter attempting to negotiate a settlement with Mr. Allen for monetary damages, not for the return of the Overland RV.
With respect to the personal belongings, the trial court found that the Mayos did not demonstrate that Mr. Allen committed conversion. This finding is supported by competent, substantial evidence. Although the Mayos testified that Mr. Allen kept the personal belongings, Mr. Allen testified that he did not. The Mayos presented no other evidence to prove that Mr. Allen had kept the personal belongings. Additionally, even if Mr. Allen had kept the personal belongings as alleged, the Mayos did not demand their return or demonstrate that such a demand would have been futile. As stated above, the Mayos' letter was not a demand letter, but rather a letter attempting to negotiate a settlement, not for the return of the personal belongings.
AFFIRMED on all issues.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.