[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15642
_____

D.C. Docket No. 2:11-cv-00321-JES-DNF

IBERIABANK,
a Louisiana banking corporation,
as successor in interest to Orion Bank,

Plaintiff -
Counter Defendant -
Appellee,

versus

COCONUT 41, LLC,
a Florida limited liability company,

Defendant -
Third Party Defendant -
Cross Defendant -
Cross Claimant -
Counter Claimant,

THE D'JAMOOS GROUP, LTD., etc., et al.,

Defendants,

AJAX PAVING INDUSTRIES, INC., etc., et al.,

Defendants -
Cross Defendants,

WESTWIND CONTRACTING, INC.,
a Florida corporation,

> Defendant -
> Third Party Plaintiff -
> Counter Claimant -
> Cross Claimant -
> Cross Defendant -
> Appellee,

FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,
as Receiver of Florida Community Bank, a Florida corporation,

> Third Party Defendants,

HG COCONUT,  LLC,
a Florida limited liability company,

> Third Party Defendant -
> Cross Defendant -
> Cross Claimant -
> Counter Claimant -
> Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 16, 2014)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

2

HG Coconut, LLC (HG Coconut) appeals the district court's judgment (1) granting Westwind Contracting, Inc.'s (Westwind) unjust enrichment claim and (2) denying HG Coconut's conversion claim.  Upon review, and with the benefit of oral argument, we reject HG Coconut's arguments on both counts and affirm.[1]

A.    *Westwind's Unjust Enrichment Claim*

First, the district did not err by concluding Westwind was not required to fully complete the work for which it had been hired in order to establish its claim for unjust enrichment.  The cases HG Coconut cites for this proposition involve equitable liens and are thus inapplicable.  *See, e.g.*, *GS2 Corp. v. Regions Bank*, No. 11-23458-CIV, 2012 WL 1014750, at *2 (S.D. Fla. Mar. 23, 2012) ("To obtain an equitable lien on an unjust enrichment claim in the construction context, a plaintiff must show [among other things] . . . that the construction project was completed. . . .").

Second, the district court did not abuse its discretion in calculating Westwind's damages for unjust enrichment.  HG Coconut argues Westwind offered no evidence of the value of the infrastructure work to HG Coconut.  Westwind, however, offered evidence of the contract price, and the district court relied on that figure in calculating damages.  A freely negotiated contract price is

---

[1] The district court also dismissed HG Coconut's breach of contract claim against IberiaBank for lack of subject matter jurisdiction.  HG Coconut does not raise any argument regarding that issue and it is therefore abandoned.

some evidence of the fair market value of the services provided to the recipient. *Cf.* Restatement (Third) of Restitution and Unjust Enrichment § 49(3)(c) (2011) ("Enrichment from the receipt of nonreturnable benefits may be measured by . . . the market value of the benefit . . . ."); *id.* at cmt. a (explaining there may be no "meaningful distinction between the value of the services to the recipient" and the contract price). The district court found HG Coconut needed the infrastructure to develop its own property[2] and there is no evidence the contract was priced above market value. Under these circumstances, the contract price was an appropriate measure of the value of the benefit conferred to HG Coconut.

B.    *HG Coconut's Conversion Claim*

The district court did not err by denying HG Coconut's conversion claim. The money in the Construction Draw Account did not belong to HG Coconut, which means HG Coconut did not have a "right to possession" of the money allegedly converted. *See United States v. Bailey*, 419 F.3d 1208, 1212 (11th Cir. 2005) (conversion may be established under Florida law only if the plaintiff shows "an immediate right to possession" of the allegedly converted money). It follows that Westwind did not commit an "unauthorized act" when it refused HG Coconut's demand for the money. *See Mayo v. Allen*, 973 So. 2d 1257, 1258 (1st

---

[2] HG Coconut has not shown the district court's finding was clearly erroneous. Therefore the district court did not err by apportioning the entire unpaid contract amount to HG Coconut.

DCA 2008) ("It is well settled that a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.").

In conclusion, the district court's judgment filed November 18, 2013, is **AFFIRMED** in its entirety.