IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BEACH COMMUNITY BANK,

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D15-5330

DISPOSAL SERVICES, LLC,

Appellee.

_____/

Opinion filed September 21, 2016.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

Charles F. Beall, Jr., of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellant.

Bill R. Hutto of Hutto & Bodiford, Panama City, for Appellee.

B.L. THOMAS, J.

Appellant, Beach Community Bank (Beach), appeals the trial court's order granting final summary judgment in favor of Appellee, Disposal Services, LLC (Disposal), with respect to Beach's claim of conversion, and the trial court's denial of Beach's motion to amend its complaint to add a cause of action for replevin. Beach contends that the trial court erred in interpreting section 679.3151, Florida

Statutes, to preclude a claim for conversion where replevin is still an available remedy. Beach argues that a claim for conversion is appropriate when the elements for conversion are satisfied, regardless of whether replevin is an available remedy. We reverse the trial court's order granting final summary judgment, because conversion remains a valid cause of action here. In light of our reversal of final summary judgment, we decline to address Beach's argument that the trial court abused its discretion in denying Beach's motion to amend.

Beach is the successor in interest of creditors that made loans to Solid Waste Haulers of Florida (Debtor), which were secured by 308 roll-off containers (Containers) worth a total of $400,800.[1] The original creditor properly filed a UCC-1 with the Florida Secretary of State perfecting its security interest in the Containers. Through a series of transactions, and without notice to Beach, Debtor sold the Containers to Disposal; however, Debtor did not apply the sale proceeds to the loans and subsequently defaulted on its loan obligations to Beach. Following Disposal's acquisition of the Containers and Debtor's default on the loans, Beach made written demand to Disposal for either repayment of the loans in full or return of the Containers. When Disposal neither paid Beach nor returned the Containers, Beach filed a complaint against Disposal alleging that Disposal converted

---

[1] This court agrees that these Containers are non-fungible goods.

the Containers.

In response, Disposal filed a motion for summary judgment. The trial court granted the motion, finding that Beach could not sue for conversion as a matter of law, because the option of replevin was still available as a remedy, as the Containers are non-fungible goods that could be located and subject to repossession. In response, Beach moved for rehearing and leave to amend its complaint to add a cause of action for replevin. Both motions were denied. The trial court accepted the facts as alleged in Beach's complaint, but found, as a matter of law, that Beach could not pursue a cause of action for conversion.

When reviewing a trial court's grant of final summary judgment, the standard of review is *de novo*. S. Nat'l Track Servs. v. Gilley, 152 So. 3d 13, 16 (Fla. 1st DCA 2014). Furthermore, "[i]t is well settled that when ruling on a motion for summary judgment, courts must construe the facts in a light most favorable to the non-moving party." Courtney v. Fla. Transformer, Inc., 549 So. 2d 1061, 1065 (Fla. 1st DCA 1989). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law." Black Bus. Inv. Fund of Cent. Fla., Inc. v. State, Dep't of Econ. Opportunity, 178 So. 3d 931, 933 (Fla. 1st DCA 2015).

"A conversion claim is based on a 'positive, overt act or acts of dominion or

3

authority over the money or property inconsistent with and adverse to the rights of the true owner.'" Columbia Bank v. Turbeville, 143 So. 3d 964, 969 (Fla. 1st DCA 2014) (quoting S.S. Jacobs Co. v. Weyrick, 164 So. 2d 246, 250 (Fla. 1st DCA 1964)). In Turbeville, this court held that a bank's allegations were sufficient to allege conversion when the bank pled that "'[the defendant] intentionally engaged in unauthorized conduct when she (a) withdrew funds from the accounts at issue' depriving [the victim] of her 'immediate right to possess the funds' and (b) failed to return the funds upon demand." 143 So. 3d at 969 (emphasis added).

Generally, before a conversion can occur when a party was previously in rightful possession of another's property, the following three factors must be present: first, the party in possession must be informed that continued possession of the property is no longer permitted; second, the rightful owner must demand the return of the property; and third, the party holding the property must fail to comply with the demand. Black Bus. Inv. Fund, 178 So. 3d at 937.[2] In the context of secured transactions, once default has occurred, a secured creditor has the right to possess the collateral and is authorized to take possession of the collateral. Spellman v. Indep. Bankers' Bank of Fla., 161 So. 3d 505, 508 (Fla. 5th DCA

---

[2] We do not address whether Disposal was previously in rightful possession of Beach's property.

4

2014).  See also Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1108 (11th Cir. 1998) (holding that, under Florida law, a lienholder is considered to be the "owner" of property for the purposes of conversion if he has the present right to possession).  In Spellman, a trustee appealed a summary judgment on a claim for conversion.  The trustee pledged stock certificates to the Bank as collateral for securing a loan.  After default, the bank sued the trust for a monetary judgment.  The trustee objected on the grounds that the bank should be required to sell or otherwise dispose of the collateral and then pursue a deficiency judgment against the trust.  Spellman, 161 So. 3d at 507.  The court rejected the trustee's argument, interpreting section 679.601, Florida Statutes, as neither dictating nor proscribing the election of a particular remedy.  The court held that a secured creditor with present rights to possession could repossess collateral while concurrently pursuing a monetary judgment to recover the full amount due and then dispose of the collateral.  Id. at 508.[3]

Here, the following six facts were pled by Beach in its complaint and not refuted in Disposal's motion for summary judgment:  (1) Debtor borrowed $400,800, giving the Containers as security for the loan; (2) Beach, as the

_____

[3] However, a secured creditor "can obtain only one satisfaction of the debt."  68A Am. Jur. 2d Secured Transactions § 445 (2016).

successor in interest of the creditor that made the loan, has a valid and enforceable lien in the Containers; (3) without Beach's authorization, Debtor sold the Containers to Disposal; (4) some time after the unauthorized sale, Debtor defaulted on its loan; (5) after becoming aware of the sale of the Containers, Beach demanded that Disposal either turn over the Containers or pay the balance of the loan in full; and finally (6) Disposal failed to comply with Beach's demand. Taken as true, these allegations are sufficient to plead an actionable claim for conversion.

Regardless of whether Disposal acquired rightful possession of the Containers when it purchased them from Debtor, once the Debtor defaulted on its loan obligations, Beach gained the right to possess the Containers as collateral securing the debt. Once Beach informed Disposal that Beach was a creditor with rights to possess the Containers and demanded their return, Disposal had the opportunity to comply with the proper demand. By refusing to comply with Beach's lawful demand, Disposal took an overt action inconsistent with Beach's possessory rights, thereby completing the necessary elements for a claim of conversion.

When an unauthorized disposition of collateral occurs, a secured party has numerous cumulative remedies at its disposal; it is not forced to elect a single remedy. See Taylor Rental Corp. v. J.I. Case Co., 749 F.2d 1526, 1529 (11th Cir.

6

1985).  Furthermore, merely because Disposal still has the Containers in its possession and can return them to Beach does not preclude Beach from pursuing conversion.  See Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 719 (M.D. Fla. 1997) (holding that debtor's petition alleging that repossession agency wrongfully took their truck and had control over it for period of time stated cause of action under Florida law for conversion, even though agency did not permanently deprive debtors of their truck and returned it in the same condition as it was at the time of repossession); Mayo v. Allen, 973 So. 2d 1257, 1258 (Fla. 1st DCA 2008) (noting the well-settled principle that "conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time").  Here, once Disposal failed to comply with Beach's demand to either return the Containers or repay the balance of the loan, the alleged act of conversion was complete.  Thus, we reverse the trial court's order granting final summary judgment.

REVERSED and REMANDED.

WETHERELL and WINSOR, JJ., CONCUR.